**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAHMAL THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 6154 |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | Judge Gottschall |
| OFFICER AGUIRRE, Star # 13438, | ) | |
| SERGEANT COURTNEY, Star # 1258, | ) | Magistrate Judge Keys |
| and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

**FIRST AMENDED COMPLAINT**

**NOW COMES** the plaintiff, Jahmal Thomas, by and through his attorneys, ERICKSON & OPPENHEIMER, PC, complaining of the Defendants, Chicago Police Officer Aguirre, Sergeant Courtney, and The City of Chicago, states as follows:

**Introduction**

1. This is a civil action brought pursuant to 42 U.S.C. Sections 1981 and 1983 to redress deprivation under color of law of Thomas' rights as secured by the Constitution of the United States of America. Plaintiff has been harmed by the unconstitutional conduct of the Defendants.

**Jurisdiction and Venue**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the Constitution of the

1

United States; and pendent jurisdiction for attendant state claims as provided under U.S.C., § 1367(a).

3. Venue is properly laid in this district because Plaintiff was arrested by Defendants in Cook County, Chicago, Illinois.

## The Parties

4. Plaintiff Jahmal Thomas at all relevant times resided in the state of Illinois.

5. Defendant Officers Aguirre and Courtney were, at all relevant times, employees of the Chicago Police Department and acted under color of law pursuant to their authority as duly appointed police officers in the Chicago Police Department.

6. Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois, which operates the Chicago Police Department. Defendant City of Chicago is ultimately responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

## Background Facts

7. On June 30, 2007, at 11:00 PM Jahmal Thomas was with family and friends at 1170 W. Erie St., Chicago, IL 60622

8. At about 11:25 pm, Thomas received a call on his cell phone and walked out toward the front of the building.

9. About five minutes later, Thomas noticed four police officers wearing blue jeans, vests and badges walk past him toward the park. He hadn't seen any police cruisers pull up, and the officers did not have any weapons drawn.

10. Shortly after the officers walked through the gate into the park, Thomas heard a scuffle. He looked through the gate and saw officers with weapons and pepper spray out. They were approximately fifty to sixty feet away and appeared to be arresting one of Thomas' friends.

11. Defendant Courtney began to approach Thomas and drew his weapon.

12. Defendant Courtney told Thomas to put his hands on the wall.

13. Defendant Courtney returned his gun to its holster and drew a taser. Without any lawful basis, Defendant Courtney deployed the taser on Thomas, knocking him to the ground.

14. Seven (7) seconds later, while Thomas was on the ground, Defendant Courtney tasered Thomas a second time.

15. One minute and fifty-eight seconds later, as Thomas remained on the ground, Defendant Courtney tasered Thomas a third time.

16. The officers then searched Thomas and took everything out of his pockets. When the ambulance arrived, officers placed Thomas inside and continued their search of Thomas.

17. Thomas sat in the hospital for four hours. The prongs from the taser remained in Thomas' right shoulder and bicep during that time.

18. Thomas was taken to the 13th and 14th District Police Departments where he was processed and was finally released at about 9:00 am on an I-Bond.

19. Defendant officers conspired and agreed amongst themselves to beat and batter the Plaintiff in violation of Plaintiff's constitutional rights. Said conspiracy existed from the date of Plaintiff's arrest and continues to the present day. In furtherance of this

conspiracy, Defendants filled out and filed false and incomplete police reports relative to Plaintiff's arrest and injuries.

20. Thomas' hand and forearm experienced numbness and twitching for about two weeks following the incident.

21. As a direct and proximate cause of the misconduct described throughout this Complaint, Plaintiff was injured including but not limited to severe physical injuries, psychological trauma, and emotional damage. Plaintiff also incurred expenses and costs related to treatment required as a consequence of the injuries inflicted by the Defendant Officers.

## Count I

**Against Officer Defendants for 42 U.S.C. Section 1983 Violations — Excessive Force**

1-21. Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22. The actions of the Officer Defendants constituted unreasonable, unjustifiable, and excessive force against Mike Aponte, thus violating his rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

23. As a proximate result of the above-detailed actions of defendants, Mike Aponte was injured, including his severe pain, physical injury, mental suffering, anguish and humiliation, panic and anxiety attacks, and fear.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages, and because these defendants acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count II

### 745 ILCS 10/9-102

1-21.   Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22.   Defendant City of Chicago is the employer of Defendants Courtney and Aguire.

23.   Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendants be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

### PLAINTIFF DEMANDS TRIAL BY JURY.


Respectfully Submitted,


//s// Jon F. Erickson //s//_____

Jon F. Erickson



Erickson & Oppenheimer, P.C.
4554 N. Broadway, Suite 325
Chicago, IL 60640
773-907-0940
ARDC: 6205277

**CERTIFICATE OF SERVICE**

I, Jon Erickson, an attorney, hereby certify that on March 16, 2009, I have caused true and correct copies of the above and foregoing **FIRST AMENDED COMPLAINT**, to be sent via ECF/ Electronic Case Filling:

By: s/ Jon F. Erickson
Jon F. Erickson
CIVIL RIGHTS CENTERS, LLC
4554 N. Broadway, Suite 325
Chicago IL 60640
P: 773-907-0940
F: 773-409-5827

**Thomas Howard Freitag**
City of Chicago (30 N LS)
30 North LaSalle Street
Chicago , IL 60602
312 742 7391
Email:
thomas.freitag@cityofchicago.org